UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEDRO E. MARTIN JIMENEZ,

      Plaintiff,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH ALLIGATOR ALCATRAZ,
GARRET RIPA, MIAMI FIELD
OFFICE DIRECTOR,
MARKWAYNE MULLIN, TODD
BLANCHE, ACTING ATTORNEY
GENERAL OF THE UNITED
STATES,

      Defendants.

Case No. 2:26-cv-1517-KCD-NPM

_____/

**ORDER**

Petitioner Pedro E. Martin Jimenez is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an accompanying motion for a temporary restraining order (Doc. 2).[1] He seeks an order preventing the Government from removing him outside the Middle District of Florida while his habeas petition is pending.

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted;

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

(3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

To the extent Jimenez's motion seeks to enjoin the Government from implementing any removal order it has (or may have), his request is denied. The Immigration and Nationality Act contains a jurisdiction-stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and—crucially for Jimenez—executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Staying Jimenez's removal would be to forbid the executive from doing what § 1252(g) says we cannot interfere with. "Courts across the country have thus found that they are

barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at \*2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at \*3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at \*2 (M.D. Ga. Dec. 26, 2018); *Torres-Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at \*9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

As for Jimenez's request to prohibit his transfer outside the Middle District of Florida, the answer is similarly no. "That's because a district court lacks jurisdiction to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General." *Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at \*3 (S.D. Fla. July 22, 2025).

But even if there was jurisdiction, the motion still falls short because Jimenez has not shown an "irreparable injury [that is] neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176

(11th Cir. 2000). He claims that a transfer to a different jurisdiction would effectively sever access to counsel. (Doc. 2 at 1.)

It is true that an alien in civil deportation proceedings has a Fifth Amendment due process right to a fundamentally fair hearing, which includes the effective assistance of counsel. But it is quite a leap to say that relocating a detainee to a different facility inherently violates that right. An alien simply does not have the right to be detained in a facility that gives him his preferred access to counsel. Jimenez's fear that a transfer will obliterate his ability to communicate with his lawyer assumes that any new facility will completely cut off his access to legal calls, video visits, or mail. We cannot enjoin the executive branch based on that kind of speculation. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) ("[A] party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury."). Relocating a detainee to a facility that happens to be more remote or inconvenient for his lawyer to visit does not, without more, cross a constitutional line.

Finally, as to the claim that a transfer will divest this Court of jurisdiction: that, too, is a hypothetical injury. "[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying

4

change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at \*4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Jimenez's transfer to somewhere besides the Middle District of Florida is superfluous. We do not issue injunctions to prevent harms that legally cannot happen. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

For these reasons, Jimenez's Motion for Temporary Restraining Order and Preliminary Injunction to Prevent Transfer of Petitioner Outside the Court's Jurisdiction (Doc. 2) is **DENIED**, and the case will proceed to a review of the merits.

**ORDERED** in Fort Myers, Florida on May 8, 2026.

Kyle C. Dudek
United States District Judge